UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISON

| | | |
|---|---|---|
| LISA GOLDSCHMIDT, | : | Case No. 3:12-cv-132 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| | : | |
| Defendant. | : | |

_____

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 11) IN ITS ENTIRETY; (2) OVERRULING THE PLAINTIFF'S OBJECTIONS (Doc. 13); (3) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; (4) AND TERMINATING THIS CASE**

_____

Plaintiff Lisa Goldschmidt commenced this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying her application for Supplement Security Income ("SSI") and Supplemental Security Income ("SSI"). On November 29, 2012, Magistrate Judge Michael R. Merz entered a Report and Recommendations (Doc. 11) recommending that the Commissioner's non-disability determination be affirmed. Plaintiff filed Objections to the Report and Recommendations of the Magistrate Judge. (Doc. 13). The Commissioner filed a Response to Plaintiff's Objections (Doc. 14). Plaintiff's Objections are now ripe for decision by the Court.

1

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision.  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  This Court must also determine whether the ALJ applied the correct legal criteria.  *Id*.

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury.  *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings.  *Bowen*, 478 F.3d at 746.  A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Id*. (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

The Court notes Defendant's Response to Plaintiff's Objections and agrees that Plaintiff's Objections amount to nothing more than an exact resubmission of her Statement of Errors with general references to the Magistrate Judge's Report and

Recommendations. In other words, Plaintiff reasserts the exact same arguments set forth in her Statement of Error and does not challenge the specific findings of the Magistrate Judge. Such general objections are insufficient to preserve error. *See Hedger v. Astrue*, No. 2:10-cv-1026, 2012 WL 1030500, *2 (S. D. Ohio Mar. 27, 2012) (noting that general objections to a magistrate judge's findings do not preserve error and finding a "Plaintiff's objections unpersuasive" where "they track[ed] the contentions within her Statement of Error and [did] not attempt to engage the Magistrate Judge's analysis"); *see also Lehman v. Astrue*, No. 2:11-cv-488, 2012 WL 4050164, *2 (S.D. Ohio Sept. 13, 2012). Accordingly, the Plaintiff's Objections are unavailing and are overruled.

Moreover, upon *de novo* review of the issues presented, the Court finds that the Report and Recommendations of the Magistrate Judge (Doc. 11) is well-taken upon the evidence and the law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 11) in its entirety, **OVERRULES** Plaintiff's Objections (Doc. 13), **AFFFIRMS** the ALJ's disability finding, and **TERMINATES** this case upon the docket records of the Court.

    **IT IS SO ORDERED.**

Date: January 15, 2013        *s/ Timothy S. Black*
       Timothy S. Black
       United States District Judge